FILED
LAL
MAR 1 4 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KENNETH K. SWEARNIGEN-EL, | |
| Plaintiff, | Case No. **05C 1493** |
| v. | |
| COOK COUNTY SHERIFF'S DEPARTMENT, MICHAEL F. SHEAHAN, in his individual and official capacity as Sheriff of Cook County, Illinois, CALLIE BAIRD, in her individual capacity, KATIE HARRISON, in her individual capacity, SCOTT KURTOVICH, in his individual capacity, the COUNTY OF COOK, a unit of local Government, | **JUDGE BUCKLO** <br><br> **MAGISTRATE JUDGE NOLAN** <br><br> JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Plaintiff, KENNETH K. SWEARNIGEN-EL, complaining against Defendants, COOK COUNTY SHERIFF'S DEPARTMENT, MICHAEL F. SHEAHAN, in his individual and official capacity as Sheriff of Cook County, Illinois, CALLIE BAIRD, in her individual capacity, KATIE HARRISON, in her individual capacity, SCOTT KURTOVICH, in his individual capacity, the COUNTY OF COOK, a unit of local Government, states as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress acts of gender and race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Count I); for gender and racial discrimination in violation of 42 U.S.C. § 1983 in violation of Plaintiff's equal protection rights guaranteed under the United States Constitution (Count II); for racial discrimination in violation of 42 U.S.C. § 1981 (Count III); for retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983 (Count IV); and malicious prosecution under Illinois law (Count V), and intentional infliction of emotional distress (Count VI).

2. This Court has jurisdiction over Count I pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 28 U.S.C. §1331; over Count II pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1343; over Count III pursuant to 42 U.S.C. § 1981 and 28 U.S.C. §1343; over Count IV pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1343; and over

Counts V and VI pursuant to the Court's supplemental jurisdiction as codified in 28 U.S.C. §1367(a).

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## ADMINISTRATIVE PROCEDURE

4. Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

5. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about June 22, 2004.

6. Plaintiff received a Notice of Right to Sue Letter on or about December 17, 2004. The Right to Sue letter and charge of discrimination are attached hereto and made part hereof as Group Exhibit "A."

## PARTIES

7. Plaintiff KENNETH K. SWEARNIGEN-EL ("SWEARNIGEN") is a black male residing within the Northern District of Illinois.

8. Plaintiff SWEARNIGEN was appointed as a correctional officer for the Cook County Sheriff's Department on September 2, 1986. In August 2003, Plaintiff was constructively discharged from his position and forced to resign.

9. Defendant Cook County is a municipality incorporated under the laws of the State of Illinois. Cook County administers itself through departments, one of which is the Cook County Sheriff's Department ("Sheriff's Department").

10. At all relevant times, Defendant Cook County, through the Sheriff's Department, has been continuously engaged in an industry affecting commerce and employs more than 15 employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq.

11. At all relevant times and currently, Defendant Michael F. Sheahan ("Sheriff Sheahan") served in the elected position of Sheriff of Cook County, Illinois. Sheriff Sheahan is sued in his official and individual capacity as Sheriff of Cook County.

12. Defendant CALLIE BAIRD is sued in her individual capacity. At all times relevant hereto, Defendant BAIRD was the Executive Director of the Cook County Department of Corrections and acted under color of law.

13. KATIE HARRISON is sued in her individual capacity. At all times relevant hereto, Defendant HARRISON was the Superintendent over Division 4 of the Cook County Department of Corrections and acted under color of law.

14. Defendant SCOTT KURTOVICH is sued in his individual capacity. At all times relevant hereto, Defendant KURTOVICH was the Assistant Executive Director of the Cook County Department of Corrections and acted under color of law.

## FACTS UPON WHICH CLAIMS ARE BASED

15. Plaintiff SWEARNIGEN was appointed as a correctional officer for the Cook County Sheriff's Department on September 2, 1986.

16. At all relevant times, Plaintiff fulfilled his assigned duties as a correctional officer satisfactorily.

17. Plaintiff was assigned to Division 4 of the Cook County Sheriff's Department at all material times hereto.

18. Defendant HARRISON, with the knowledge and consent of Defendants KURTOVICH and BAIRD, told Plaintiff that it was her intent to get rid of all of the male employees in the Division.

19. Plaintiff complained that this would be a violation of the labor laws.

20. Defendants subjected Plaintiff to a malicious and unwarranted investigation in retaliation for his Union activity and free speech.

21. Defendants issued statements to the press and the public that Plaintiff was a fugitive; when in fact, Plaintiff was on a pre-scheduled vacation.

22. When Plaintiff learned of these statements, he returned from vacation and turned himself in.

23. On or about August 27, 2003, Plaintiff was arrested.

24. Defendants made false statements about Plaintiff that caused him to be arrested.

25. On or about August 28, 2003, Plaintiff was constructively discharged from his position and forced to resign.

26. After Plaintiff's arrest, he was subjected to malicious prosecution on multiple felony charges.

27. The prosecution of Plaintiff was without probable cause and was based on false testimony by Defendants' agents and at the direction and consent of Defendants.

28. On August 29, 2003, Plaintiff was indicted based upon the false and malicious investigation by Defendants and false testimony Defendants provided to the grand jury.

29. On June, 1, 2004, Plaintiff was acquitted of all charges and a directed finding was entered of "not guilty."

30. Plaintiff was subject to a frivolous investigation, false charges, and malicious prosecution for which there was no probable cause because of his race (black) and gender (male).

31. Plaintiff was subject to a frivolous investigation, false charges, and malicious prosecution for which there was no probable cause because of his involvement in Union activities and in violation of his free speech.

32. Defendants have engaged in a pattern and practice of discrimination against African American and minority employees because of their race.

33. Defendants intentionally retaliated against Plaintiff for complaining about Defendants' unlawful conduct, which was a matter of public concern, including but not limited to race and gender discrimination, unfair labor practices, retaliation against employees who complained about unfair labor practices, and Defendants' pattern and practice of covering up complaints and conducting bad faith investigations which are devised to "make the Sheriff look good" verses providing effective remedial measures.

34. Defendants and Defendants' command staff and supervisors had knowledge of the complained of conduct and refused or failed to take action to terminate or correct such conduct, although they had the power and authority to do so.

## COUNT I
### (Title VII – Gender and Race Discrimination)

35. Plaintiff restates and realleges by reference paragraphs 1 through 34 as if fully set forth herein as against Defendants COOK COUNTY SHERIFF'S DEPARTMENT and the COUNTY OF COOK.

36. The actions of Defendants as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his sex and race, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

37. Defendants have engaged in a policy, pattern, and practice discrimination against Black male, Black and minority employees.

38. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting Plaintiff to a frivolous investigation, false charges, and malicious prosecution and causing Plaintiff to be constructively discharged.

39. The actions of Defendants has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff seeks the following relief as to Count I of the Complaint:

a. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

b. Compensatory damages in an amount in excess of $300,000 against Defendant;

c. A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

d. A permanent injunction requiring the Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

e. The Court retain jurisdiction of this case until such time as it is assured that the Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

f. An award of reasonable attorneys' fees, costs, and litigation expenses; and

g. Such other relief as the Court may deem just or equitable.

## COUNT II
## (§ 1981 – Race Discrimination)

40. Plaintiff restates and realleges by reference paragraphs 1 through 34 as if fully set forth herein against all Defendants.

41. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting Plaintiff to a frivolous investigation, false charges, and malicious prosecution and causing Plaintiff to be constructively discharged.

42. Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning discrimination against individuals based on their race.

43. The conduct alleged herein constitutes a pattern, custom, and practice of discrimination against Blacks based on their race. All of Defendants' employment practices as alleged herein are undertaken with discriminatory intent. This conduct constitutes an official policy or custom of the Cook County Sheriff's Department, which has adversely affected Plaintiff and violated his rights to make and enforce contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationships, under 42 U.S.C. § 1981.

44. Defendants Cook County, the Sheriff's Department, and Sheriff Sheahan are responsible for the acts of Sheriff Department supervisors, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of race discrimination.

45. Defendants intentionally discriminated against Plaintiff with malice or reckless indifference to Plaintiff's civil rights, thereby entitling Plaintiff to punitive damages against the individual Defendants.

46. The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff seeks the following relief as to Count II of the Complaint:

a. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

b. Compensatory damages in an amount to be determined at trial;

c. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

d. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1981, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment based on race and gender;

e. A declaratory judgment that Defendants' actions violate 42 U.S.C. § 1981;

f. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g. Punitive damages as allowed by law as against the individual Defendants only;

h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

i. Such other relief as the Court may deem just or equitable.

## COUNT III
### (§ 1983 – Gender and Race Discrimination)

47. Plaintiff restates and realleges by reference paragraphs 1 through 34 as if fully set forth herein against all Defendants.

48. At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the Cook County Sheriff's Department and its respective agencies.

49. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting Plaintiff to a frivolous investigation, false charges, and malicious prosecution and causing Plaintiff to be constructively discharged.

50. Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning discrimination against individuals based on their gender and race.

51. Defendant SHEAHAN is a policy maker for the Sheriff's Department and has final policy making authority.

52. The actions of the Defendants against Plaintiff violated his equal protection right to be free from discrimination based on his gender and race under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

53. All Defendants have acted under color of state law at all material times hereto.

54. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

55. The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff seeks the following relief as to Count III of the Complaint:

a. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

b. Compensatory damages in an amount to be determined at trial;

c. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

d. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment of employees based on their race and gender;

e. A declaratory judgment that Defendants' actions violate the Fourteenth Amendment to the United States Constitution;

f. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g. Punitive damages as allowed by law as against the individual Defendants only;

h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

i. Such other relief as the Court may deem just or equitable.

## COUNT IV
### (1983 Violation of First Amendment)

56. Plaintiff restates and realleges by reference paragraphs 1 through 34 as if fully set forth herein against all Defendants.

57. At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the Cook County Sheriff's Department and its respective agencies.

58. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting Plaintiff to a frivolous investigation, false charges, and malicious prosecution and causing Plaintiff to be constructively discharged.

59. The conduct of Defendants was and became the custom and practice of the Cook County Sheriff's Department, the County of Cook and Sheahan, officially and individually.

60. By Defendants' actions, Plaintiff suffered compensable injury and harm as a result of the denial of rights guaranteed to him pursuant to the First Amendment to the United States Constitution.

61. The conduct of Defendants violated Plaintiff's right to free speech and free association as provided by the First Amendment to the Constitution.

62. Defendants intentionally discriminated against Plaintiff with malice or reckless indifference to Plaintiff's civil rights, thereby entitling Plaintiff to punitive damages against the individual Defendants.

63. The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

64. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

**WHEREFORE,** Plaintiff seeks the following relief as to Count IV of the Complaint:

    a. All wages and benefits Plaintiff would have received but for the retaliation, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

    b. Compensatory damages in an amount to be determined at trial;

c. A permanent injunction enjoining the Defendants from engaging in the constitutional violations complained of herein;

d. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983;

e. A declaratory judgment that Defendants' actions violate the First Amendment to the United States Constitution;

f. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g. Punitive damages as allowed by law as against the individual Defendants only;

h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

i. Such other relief as the Court may deem just or equitable.

## COUNT V
### (Malicious Prosecution)

65. Plaintiff restates and realleges by reference paragraphs 1 through 34 as if fully set forth herein as against all Defendants.

66. Defendants caused charges to be brought against Plaintiff.

67. Defendants falsely and maliciously without probable or reasonable cause, and without honest suspicion regarding Plaintiff's guilt, participated in, caused, and aided in the prosecution of Plaintiff.

68. There was no probable cause to believe that Plaintiff engaged in the conduct alleged.

69. Plaintiff was acquitted of all charges against him.

70. The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff seeks the following relief as to Count V of the Complaint:

    a.    A permanent injunction enjoining Defendants, their officers, management personnel, employees, agents, successors, and assigns and those acting in concert therewith from any further violations of state law;

    b.    Defendants be required to make Plaintiff whole by providing appropriate back pay and reimbursement for lost benefits, and all other benefits due to him, compensatory damages, and his expenses with prejudgment interest in an amount to be shown at trial;

    c.    Punitive damages as allowed by law as against individual Defendants only;

    d.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

    e.    Such additional relief as the Court deems equitable and proper.

## COUNT VI
### (Intentional Infliction of Emotional Distress)

71. Plaintiff restates and realleges by reference paragraphs 1 through 34 as if fully set forth herein as against all Defendants.

72. The intentional acts of Defendants constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on Plaintiff.

73. As a proximate result of Defendants' unlawful acts, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

74. Defendants acted willfully and maliciously with respect to their treatment of Plaintiff.

**WHEREFORE,** Plaintiff seeks the following relief as to Count VI of the Complaint:

    a.    Economic losses Plaintiffs sustained and will sustain as a result of the intentional infliction of emotional distress, including prejudgment interest on such amounts;

    b.    Compensatory damages;

    c.    Punitive damages as allowed by law as against individual Defendants only;

d. An award of reasonable attorneys' fees, costs, and litigation expenses; and

e. Such additional relief as the Court deems equitable and proper.

Respectfully submitted,

_____
Attorney for Plaintiff KENNETH K. SWEARNIGEN-EL

Dana L. Kurtz, Esq.
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 210-2004-05506 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Kenneth K. Swearnigen-El | (773) 488-5853 | |

Street Address: P.O. Box 7089, Chicago, IL 60680
City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CK CTY SHERIFF | 500 or More | (312) 603-5471 |

Street Address: Richard J. Daley Center, 50 West Washington, Chicago, IL 60602

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-28-2003 Latest: 08-28-2003
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on September 2, 1986. I was employed as a Correctional Officer. On August 28, 2003, I was forced to resign.

I believe that I have been discriminated against on the basis of my race, Black, and sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
JUN 22 2004
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jun 22, 2004 / *Kenneth Swearnigen-El*
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

| To: CERTIFIED MAIL NO.: 7099 3400-0014-4048-1008 C/P | From: |
|---|---|
| Kenneth K. Swearnigen-El<br>P.O. Box 7089<br>Chicago, Illinois 60680 | Equal Employment Opportunity Commission<br>Chicago District Office<br>500 West Madison Street, Suite 2800<br>Chicago, Illinois 60661-2511 |

[ ] *On behalf of a person aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2004-05506 | Ms. Patricia Jaramillo, Enforcement Supervisor | (312) 886-3576 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission.

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, i.e., you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[x] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -

[x] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Age discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

December 14, 2004

On behalf of the Commission

John P. Rowe, District Director

Enclosures
Information Sheet
Copy of Charge

cc: Respondent(s)    Cook County Sheriff

EEOC Form 161 (Test 5/96)