THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC **FILED**
AUG 2 4 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| KENNETH K. SWEARINGEN-EL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 05 C 1493 |
| vs. ) | |
| ) | |
| COOK COUNTY SHERIFF'S ) | |
| DEPARTMENT, MICHAEL F. SHEAHAN, ) | |
| In his individual and official capacity as ) | Honorable Judge Elaine Bucklo |
| Sheriff of Cook County, Illinois ) | |
| CALLIE BAIRD, in her individual capacity, ) | |
| KATIE HARRISON, in her individual ) | |
| capacity, SCOTT KURTOVICH, in his ) | |
| individual capacity, the COUNTY OF COOK, ) | |
| a unit of local Government, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, the Cook County Sheriff's Department, Michael F. Sheahan, in his official and individual capacities, Katie Harrison, in her individual capacity, Callie Baird in her individual capacity, and Scott Kurtovich, in his individual capacity, through their attorney RICHARD A. DEVINE by and through his assistants, Mary Farmar and John Curran and respectfully submit this Memorandum in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### INTRODUCTION

On March 14, 2004, plaintiff filed a six-count Complaint in this matter alleging discrimination on the basis of race and gender and retaliation under Title VII (Count I); race discrimination under Section 1981 (Count II); a violation of the Equal Protection Clause based on

1

race and gender under Section 1983 (Count III); Retaliation for exercising First Amendment rights under Section 1983 (Count IV); and state counts of Malicious prosecution and Intentional Infliction of Emotional distress (Counts V and VI). Defendants now move to dismiss all counts of the Complaint.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a claim if as a matter of law there is no set of facts the plaintiff could prove consistent with the pleadings that would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct 2229 (1984). When considering a motion to dismiss, a court must accept the plaintiff's allegations as true, and view them, along with any reasonable inferences drawn from them, in the light most reasonable to the plaintiff. *Hishon*, 467 U.S. at 73; *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728 (7th Cir. 1994). Further, a court should avoid straining to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445 (7th Cir. 1977). Thus, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Wright v. Glover*, 778 F.Supp. 418, 419 (N.D. Ill. 1991). Although Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff's complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by going beyond the bare minimum, a plaintiff may plead herself out of court." *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim if it lacks subject matter jurisdiction over such claim. FED. R. CIV. P. 12(b)(6). Where a court dismisses a case for lack of subject matter jurisdiction over a claim, it must do so without reaching

2

the merits. *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987).

## ARGUMENT

### Count I, Title VII Race Disc./Retaliation

In Count I, plaintiff alleges race and gender discrimination as well as retaliation under Title VII. Plaintiff has not exhausted the administrative remedies with respect to the retaliation claim since he did not include retaliation in his EEOC charge of June 22, 2004. 42 U.S.C. § 2000e-5 (1994); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). Furthermore, plaintiff's claim of retaliation under Title VII should be dismissed because plaintiff has not alleged that he engaged in protected activity under Title VII. Plaintiff's allegations, on which his retaliation claim is based, are not protected activities under Title VII and therefore his retaliation claim should be dismissed. Title VII prohibits retaliation by an employer against an employee, "because he has opposed any practice made an unlawful employment practice by this title (42 USCS §§ 2000e-2000e-17), or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title (42 USCS §§ 2000e-2000e-17)." In paragraphs 19 and 20, plaintiff does not allege that he opposed discrimination protected by Title VII, but instead that he was retaliated against for union activities and free speech. The activities alleged by plaintiff are not protected activities under Title VII. *Id*. In fact, the only protected activity under Title VII alleged by plaintiff is his EEOC charge filed on June 22, 2004. However, this protected activity is clearly not relevant to a retaliation claim since the protected activity he engaged in on June 22, 2004 took place after plaintiff's alleged constructive discharge on August 28, 2003. Plaintiff's retaliation claim contained in Count I should therefore be dismissed.

Plaintiff's claims of discrimination and retaliation under Title VII should be dismissed for

3

lack of an adverse employment action since he has not pled sufficient facts to establish a constructive discharge. To establish a claim for constructive discharge under Title VII, a plaintiff must prove that his working conditions were so intolerable as a result of unlawful discrimination that a reasonable person would be forced into involuntary resignation. *See Vitug v. Multistate Tax Comm'n*, 88 F.3d 506, 517 (7th Cir. 1996) Working conditions for constructive discharge must be even more egregious than the high standard for hostile work environment because "in the 'ordinary' case, an employee is expected to remain employed while seeking redress." *See Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 886 (7th Cir. 1998).

In this case, plaintiff refers to constructive discharge in paragraphs 25, 38, 41, 49, and 58 of his Complaint. Paragraph 25 simply states the conclusion that plaintiff was constructively discharged without any supporting facts. Merely alleging bare legal conclusions without supporting facts is not sufficient to state a cause of action even under the standard of 12(b)(6). *Palda v General Dynamics Corporation*, 47 F.3d 872, 875 (7th Cir. 1995) (stating that a "complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).

Most significantly, in paragraphs 38, 41, 49 and 58, plaintiff provides no more factual basis, but in essence pleads himself out of a constructive discharge claim by alleging that he was constructively discharged because he was subjected to "a frivolous investigation, false charges, and malicious prosecution" With respect to a claim of constructive discharge, the Seventh Circuit has recently held that an employee who is the subject of a pending investigation of serious job misconduct, who resigns rather than waits for the conclusion of reasonable prescribed due process procedures of the institution, has not from an objective standpoint been constructively discharged.

4

*Levenstein v. Salafsky*, 2005 U.S. App. LEXIS 13964 (7th Cir. 2005).

The Court held,

> There is an inherent tension for any employee who is undergoing the kind of investigation that follows complaints of sexual harassment or other inappropriate conduct. Nothing in *Suders* equates this kind of tension with the intolerable working conditions that give rise to a constructive discharge or undermines the general *Loudermill* rule. *Levenstein* at p. 21.

Accordingly, as plaintiff's claim of constructive discharge does not lie as a matter of law, Counts I through IV, which rely on constructive discharge as an adverse action, should therefore be dismissed.

## Count II, Section 1981, Race Discrimination

Plaintiff has not alleged the elements of a *prima facie* case for violation of Section 1981. In order to establish a prima facie case of discrimination under Section 1981, a plaintiff must show (1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; (3) the discrimination interfered with a protected activity under Section 1981(i.e., make and enforce contracts, sue and be sued, or give evidence). *Morris v. Office Max, Inc*, 89 F.3d 411, 413 (7th Cir. 1996). With respect to all defendants, plaintiff has not alleged any facts that would show that any defendant interfered with a protected activity under Section 1981. Count II should be dismissed as to each defendant.

All individual defendants should be dismissed as defendants from Count II, as plaintiff has not alleged that any defendant personally participated in racial discrimination against plaintiff. Individual liability under Section 1981 generally may be found if a plaintiff proves the *prima facie* case, and shows that the individual defendant himself has participated in the alleged discrimination against the claimant. See *Behnia v Shapiro*, 961 F.Supp. 1234, 1237 (N.D. Ill. 1997) (individual liability can only be found where the individual himself has participated in the alleged discrimination

against the plaintiff). Plaintiff has not sufficiently alleged that any individual defendant possessed an intent to discriminate on the basis of race. Plaintiff's allegation contained in paragraph 32 that, "[d]efendants have engaged in a pattern and practice of discrimination against African American and minority employees because of their race", fails to allege the element of personal involvement.

In this case, plaintiff names Michael F. Sheahan in his individual capacity, yet he alleges no facts in his Complaint that Sheahan personally participated in any alleged racial discrimination against plaintiff. Michael F. Sheahan should therefore be dismissed in his individual capacity. Plaintiff names Callie Baird in her individual capacity, yet plaintiff alleges no facts in his Complaint that Baird personally participated in any alleged racial discrimination against plaintiff. Callie Baird should therefore be dismissed in her individual capacity. Plaintiff names Scott Kurtovich in his individual capacity, yet plaintiff alleges no facts in his Complaint that Kurtovich personally participated in any alleged racial discrimination against plaintiff. Scott Kurtovich should therefore be dismissed in his individual capacity. Plaintiff names Katie Harrison in her individual capacity, yet plaintiff alleges no facts in his Complaint that Harrison personally participated in any alleged racial discrimination against plaintiff. Katie Harrison should therefore be dismissed in her individual capacity.

Lastly, plaintiff's Complaint does not allege that a contractual relationship existed between plaintiff and any defendant, nor does he allege that any defendant interfered with a protected activity under Section 1981. Since plaintiff has not alleged a violation of activity protected by Section 1981 and has not alleged personal participation in racial discrimination by any individual defendant, Count II should be dismissed as to all defendants.

## Count III, Section 1983, Gender and Race Discrimination

Liability under § 1983 requires proof that the defendants were acting under color of state law and that the defendants' conduct violated the plaintiffs' rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lanigan v. Vill. Of E. Hazel Crest, Ill.*, 110 F.3d 467, 471 (7th Cir. 1997); *Farmer v. Brennan*, 114 S.Ct. 1873 (1994). An individual cannot be held liable in a Section 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A "causal connection, or an affirmative link" must exist between the deprivation and defendant's conduct. Id.; *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Pilachowski v. Sheahan*, 1996 U.S. Dist. LEXIS 6876, No. 95 c 2958, 1996 WL 272522, *2 (N.D. Ill. May 17, 1996

Plaintiff's allegations regarding his unequal treatment on the basis of his gender and race are deficient and should be dismissed. To state an equal protection claim under Section 1983, plaintiff must demonstrate that (1) he is a member of a protected class, (2) he was similarly situated to individuals not of the protected class, (3) he was treated differently than those similarly-situated individuals, and (4) those who treated him differently acted with discriminatory intent. *Brown v. State of Illinois Dept. of Public Aid, et al.*, 318 F. Supp 2d 696, 699-700 (N.D. Ill 2004) (Bucklo, J) citing *Guy v. State of Illinois*, 958, F. Supp. 1300, 1307 (N.D. Ill. 1997) (Leinenweber, J.) Plaintiff does not allege facts sufficient to demonstrate a violation of equal protection under Section 1983 in that he does not allege that similarly situated female employees or non-black employees were treated differently than plaintiff. Further, he does not identify any similarly situated women or non-blacks who were treated differently. See *Brown v. State of Illinois Dept. of Public Aid, et al.*, 318 F. Supp 2d 696, 700 (N.D. Ill 2004) (Bucklo, J) citing *Farrar v. Yamin*, 261 F. Supp 2d 987, 992-93 (N.D.

7

Ill. 2003)(conclusory allegations that defendants must be acting with discriminatory purpose not sufficient).

Plaintiff's Complaint with respect to his equal protection claim is also deficient with respect to all individual defendants because his allegations are made generally against all defendants and he does not allege the "element of personal involvement necessary for individual liability under Section 1983." *Brown* at 700. Since plaintiff has not alleged facts sufficient to show that female and non-black employees were treated differently and has not alleged personal participation in treating plaintiff unequally by any individual defendant, Count III should be dismissed as to all defendants.

### Count IV, Section 1983, First Amendment Retaliation

In order for a government employee to show that he has been wrongfully deprived of his right to freedom of speech, he must show that he was speaking on matters of public concern. *Brown v. State of Illinois Dept. of Public Aid, et al.*, 318 F. Supp 2d 696, 699 (N.D. Ill 2004) (Bucklo, J) citing *Gray v. Lacke*, 885 F.2d 399, 410 (7th Cir. 1989). In this case, plaintiff alleges in paragraphs 19 and 20 that he was retaliated against because of his union activity and complaining about possible violation of labor laws. Initially, Count IV should be dismissed because this Court lacks subject matter jurisdiction over plaintiffs' claims because the NLRB has primary and exclusive jurisdiction over claims relating to unfair labor practices and anti-union animus. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), *Keehr v. Consolidated Freightways*, 825 F.2d 133, 136 (7th Cir. 1987)

Further, plaintiff does not allege with respect to each individual defendant, any actions that would show that the individual defendant retaliated against plaintiff for exercising his right to free speech. The allegations regarding Count IV are made generally against all defendants, again failing

8

to satisfy the requirement of personal involvement necessary for individual liability under Section 1983. Since the NLRB has primary jurisdiction over plaintiff's claims in Count IV and he has failed to allege personal involvement by individual defendants in retaliation for exercising First Amendment rights, Count IV should therefore be dismissed as to each defendant.

### Count V, Malicious Prosecution and Count VI, Intentional Infliction of Emotional Distress

Plaintiff's claims of Malicious Prosecution and Intentional Infliction of Emotional Distress under Illinois law are preempted by the Illinois Human Rights Act. The Illinois Human Rights Act ("IHRA"), 775 ILCS 5/101 *et. seq.* (1993), established the Illinois Department of Human Rights ("IDHR") to investigate and adjudicate all alleged civil rights violations as "a uniform procedure for the enforcement of its substantive provisions." *Baker v. Miller*, 159 Ill. 2d 249, 254 (Ill. 1994). The IHRA has an exclusivity provision which provides: "[c]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C) (1993). Courts have no jurisdiction to hear actions for alleged IHRA violations until a plaintiff has exhausted his administrative remedies before the IHRC, and that agency has made a final ruling. *Washington Inventory Serv.*, 37 F.3d 310, 312-13 (7th Cir. 1994); *Glebocki v. City of Chicago*, 2002 U.S. App. Lexis 4816, 14 (7th Cir. 2002). Thus, this Court, sitting in place of an Illinois state court, is deprived of jurisdiction over claims that fall under the IHRA. *Sanglap v. LaSalle Bank F.S.B.*, 345 F.3d 515, 519 (7th Cir. 2003).

In *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 639 N.E. 2d 1273 (Ill. 1994), the Illinois Supreme Court explained how the IHRA preempts state tort claims which fall under its ambit. Specifically, the high court interpreted the preemption provision of the IHRA to mean that where allegations of common law torts are "inextricably linked" to allegations of discrimination,

9

such that there is no independent basis for the torts actions apart from the Act itself, those claims will be construed as charging civil rights violations under the IHRA. *See also, Maksimovic,* 177 Ill. 2d. 511, 517, 687 N.E. 21, 23, 227 Ill.Dec. 98 (1997). Thus, where the tort claim rests on the same facts as the claim for a civil rights violation, the IHRA preempts the tort action. *Damato,* 927 F.Supp at 290; *Thomas v. L'Eggs Products, Inc.,* 13 F.Supp.2d 806, 808 (C.D.Ill. 1998).

In paragraph 65 of Count V of plaintiff's Complaint in this case, plaintiff restates and realleges by reference paragraphs 1 through 34 as the factual basis for his malicious prosecution claim. Specifically, paragraph 30 states that, "Plaintiff was subject to a frivolous investigation, false charges, and malicious prosecution for which there was no probable cause because of his race (black) and gender (male)." Similarly, plaintiff relies on the same set of facts contained in paragraphs 1 through 34 as the "extreme and outrageous conduct" element of intentional infliction of emotional distress.

Plaintiff's Complaint also incorporates paragraphs 1 through 34 into Count I (Title VII), Count II (Section 1981), Count III and IV (Section 1983). It is clear that plaintiff is relying on the same factual allegations to support his civil rights claims under Counts I through IV and his state claims of malicious prosecution and intentional infliction of emotional distress. Because the tort claims and civil rights claims are inextricably linked, they fall under the protection of the IHRA and the Illinois Department of Human Rights has exclusive jurisdiction over the subject matter of his claims. *See, Baker,* 159 Ill. 2d at 256 ("where the Act provides coverage, it is the exclusive remedy for employment discrimination"); *Mein v. Masonite Corp.,* 109 Ill. 2d 1, 7, 485 N.E. 2d 312, 315 (Ill. 1985) ("courts have no jurisdiction to hear independent actions for civil rights violations...the legislature intended the Act, with its comprehensive scheme of remedies and administrative

procedures, to be the exclusive source of redress of alleged human rights violations").

Accordingly, since Counts V and VI are tantamount to civil rights claims, this Honorable Court does not have subject matter jurisdiction to hear the matter. *Haas v. Village of Hinsdale*, 2001 U.S. Dist, LEXIS 20989,6 (N.D. Ill. 2001)(District Court granted defendant's motion to dismissed employee's intentional infliction of emotional distress claim because plaintiff realleged and incorporated by reference the same factual basis for her intentional infliction of emotional distress claim as she used for the discrimination count.). Plaintiff's malicious prosecution and intentional infliction of emotional distress claims contained in Counts V and VI, against all defendants, are preempted by the IHRA and should be dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons set forth herein, defendants move to dismiss all counts of plaintiff's Complaint.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: *Mary Carol Farmar*

Mary Farmar
John Curran
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5668