IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth K. Swearingen-El, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 1493 |
| | ) | |
| v. | ) | |
| | ) | |
| COOK COUNTY SHERIFF's DEPARTMENT, MICHAEL F. SHEAHAN, in his individual and official capacity as Sheriff of Cook County, Illinois, CALLIE BAIRD, in her individual capacity, KATIE HARRISON, in her individual capacity, SCOTT KURTOVICH, in his individual capacity, the COUNTY of COOK, a unit of local Government, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Swearingen-El was employed as a corrections officer in the Cook County Sheriff's Department between September 2, 1986 and August 28, 2003. According to Swearingen-El's complaint, while he was on a scheduled vacation, defendants falsely accused him of a crime and made false reports to the media regarding his status as a fugitive. These accusations led to his arrest on August 27. Swearingen-El resigned from his position on August 28 and on August 29, he was indicted. Swearingen-El was acquitted of the charges against him on June 1, 2004. Swearingen-El claims that the underlying impetus for defendants' actions was

discrimination because of his race and gender and retaliation for his vocal complaints of labor law violations. Swearingen-El has brought a six count complaint against the Cook County Sheriff's Department; Michael Sheehan, in his individual and official capacity as Sheriff of Cook County, Illinois; Callie Baird, in her individual capacity; Katie Harrison, in her individual capacity; Scott Kurtovich, in his individual capacity; and the County of Cook, a unit of local government. The six counts in the complaint are 1) Title VII - Gender and Race Discrimination; 2) § 1981 - Race Discrimination; 3) § 1983 - Gender and Race Discrimination; 4) § 1983 Violation of First Amendment; 5) a state law claim for Malicious Prosecution; and 6) a state law claim for Intentional Infliction of Emotional Distress.

Defendants now bring a motion to dismiss. On a motion to dismiss, I accept all well-pleaded facts in the complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. of Education*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal is proper only if the plaintiff can prove no set of facts to support his claim. *First Ins. Funding Corp. v. Federal Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

## I. Title VII Claims

Plaintiff alleges that he was discriminated against because of

his race and gender in violation of Title VII, 42 U.S.C. § 2000(e). In order to prevail on a Title VII discrimination claim, a plaintiff must show that he: 1) belongs to a protected class; 2) performed his job satisfactorily; 3) suffered an adverse employment action; and 4) was treated differently than similarly situated employees outside of his class. *Hughes v. Brown*, 20 F.3d 745, 746 (7th Cir. 1994).

To meet the requirement of an adverse employment action, Swearingen-El alleges that he was constructively discharged. Defendants argue that these claims should be dismissed because Swearingen-El has not alleged any facts to support his conclusory claim of constructive discharge. At this time, however, Swearingen-El need not supply facts supporting his allegation that the conditions created by defendants' conduct forced him to resign. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Complaints need not plead law or match facts to every element of a legal theory.").

Alternatively, defendants rely on the opinion in *Levenstein v. Salafsky* and argue that Swearingen-El fails to state a claim for constructive charge because he has pled facts that show he chose to resign instead of awaiting the outcome of the pending investigation of the charges against him. 414 F.3d 767, 775 (7th Cir. 2005). In *Levenstein*, the court held:

> We conclude that a person who is on leave with pay, with a temporary (though unsatisfying) reassignment pending an

3

investigation of serious job misconduct, who resigns rather than waits for the conclusion of reasonable prescribed due process procedures of the institution, has not from an objective standpoint been constructively discharged. *Id.*

Swearingen-El's complaint does not plead facts that would preclude his claim as matter of law under the limited holding in *Levenstein*. Defendants' motion to dismiss the Title VII race and gender discrimination claims is denied.

Swearingen-El also alleges a Title VII retaliation claim. Defendants argue that Swearingen-El's Title VII retaliation claim fails because he did not bring a claim for retaliation in his earlier EEOC proceeding. Generally, plaintiff may not bring claims that were not included in his EEOC charge. *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). An EEOC charge will be found, however, to encompass claims that are "like or reasonably related to the allegations of the charge and growing out of the allegations." *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc) (quoting *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971)). At a minimum, establishing a reasonable relationship requires that the two claims involve the same conduct and the same individuals. *Cheek*, 31 F.3d at 501. Normally, discrimination and retaliation claims are not considered to be "like or reasonably related to one In this case, another." *Sitar v. Ind. DOT*, 344 F.3d 720, 726 (7th Cir. 2003). In this case, Swearingen-El did not

4

check the box on his EEOC charge indicating he was making a retaliation claim. His EEOC charge states in full:

> I was hired by Respondent on September 2, 1986. I was employed as a Correctional Officer. On August 28, 2003, I was forced to resign. I believe that I have been discriminated against on the basis of my race, Black, and sex, male, in violation of Title VII of the Civil Rights Act of 1964.

The charge alleges discrimination, but does not describe the underlying conduct leading to the discriminatory result or identify the individuals involved. Also, the charge states nothing that would indicate that discriminatory actions were taken against Swearingen-El for any reason other than his race or his gender. Swearingen-El refers to the EEOC file as a whole in arguing that the EEOC proceeding gave notice of a retaliation claim, but has only attached the EEOC charge to his complaint. Based on Swearingen-El's submissions to the court, I find that the retaliation claim is not reasonably related to the claims charged in his EEOC claim. Defendants' motion to dismiss the Title VII retaliation claim is granted.

## II. § 1981 - Race Discrimination

Swearingen-El alleges racial discrimination in violation of § 1981. In order to prevail on a § 1981 claim, a plaintiff must show that 1) he is a member of a racial minority; 2) defendants had an intent to discriminate; and 3) the discrimination involved an activity protected by § 1981. *Morris v. Office Max*, 89 F.3d 411, 413 (7th Cir. 1996). In this case, Swearingen-El has alleged that

5

he is an African-American, that defendants had discriminatory intent, and that the discrimination affected and interfered with his employment. Given the recent language of *Walker v. Abbott Laboratories* and the holdings of other circuits, the court finds that at-will employment termination is within the scope of contractual rights protected by § 1981. 340 F.3d 471, 478 (7th Cir. 2003) (citing, *inter alia*, *Skinner v. Maritz*, Inc., 253 F.3d 337, 342 (8th Cir. 2001); *Lauture v. IBM*, 216 F.3d 258, 260 (2d Cir. 2000); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1020 (4th Cir. 1999)); *Humphries v. CBOCS West, Inc.*, 392 F. Supp. 2d 1047, 1050 n1 (N.D. Ill. 2005). Defendants' motion to dismiss this claim is denied.

### III. § 1983 - Gender and Race Discrimination

In order to prevail on an equal protection claim under § 1983, a plaintiff must show that 1) he is a member of a protected class; 2) he was similarly situated to individuals not of the protected class; 3) he was treated differently than those similarly-situated individuals; and 4) those who treated him differently acted with discriminatory intent. *Johnson v. City of Fort Wayne*, 91 F.3d 922, 944 (7th Cir. 1996). Defendants argue that Swearingen-El has not alleged an equal protection violation and that he has failed to identify any similarly situated individuals. Swearingen-El has alleged that he was subjected to unequal treatment because of his race and his gender. He does not need to specifically identify

6

similarly situated individuals in his complaint. Therefore, the allegations are sufficient to state an equal protection claim. *See Bennett*, 153 F.3d at 518; *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Defendants' motion to dismiss this claim is denied.

## IV. § 1983 Violation of First Amendment

In order to prevail on a claim for retaliation in violation of the First Amendment under § 1983, a plaintiff must show that 1) his speech was protected; 2) his speech was a substantial or motivating factor in the retaliatory action; and 3) any non-discriminatory reason for the retaliatory action proffered by the defendants is pretextual. *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004). Swearingen-El has alleged that his complaints to his union about unlawful labor practices were protected as a matter of public concern and that he was constructively discharged in retaliation for these statements. Factually, Swearingen-El is not required to allege anything more at this stage.

Defendants argue that Swearingen-El's First Amendment retaliation claim is pre-empted by the National Labor Relations Act ("NLRA") and that the National Labor Relations Board ("NLRB") has exclusive jurisdiction over this claim because the claim relates to unfair labor activity and anti-union animus. The NLRA, however, specifically removes political subdivisions of the State from its definition of employers. 29 U.S.C. § 152(2); *See NLRB v. Natural Gas Utility Dist.*, 402 U.S. 600, 602 (1971); *See Madison Co. Mental*

7

*Health Center v. NLRB*, 253 N.L.R.B. 258 (N.L.R.B. 1980). Defendants have provided no argument as to how the NLRA could preempt the claims against the government entities in this case given the language of 29 U.S.C. § 152(2). Defendants' motion to dismiss this claim is denied.

### V. State Law Claims for Malicious Prosecution and Intentional Infliction of Emotional Distress

Swearingen-El alleges that defendants' alleged conduct constituted the state law offenses of malicious prosecution and intentional infliction of emotional distress ("IIED"). Defendants seek dismissal of these claims arguing that they are preempted by the Illinois Human Rights Act ("IHRA"). The IHRA preempts all state law claims that seek redress for conduct constituting a civil rights violation. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). If a state common law claim is "inextricably linked" to a civil rights violation, it falls within the purview of the IHRA and is also preempted. *Beard v. City of Chicago*, 299 F. Supp. 2d 872, 874 (N.D. Ill. 2004). However, "where a course of conduct states an independent state law claim, that independent claim is not preempted by the IHRA." *Krocka*, 203 F.3d at 516. State law claims are considered independent if they could be established "without reference to legal duties created by the [IHRA]. *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 516-517 (Ill. 1997).

Swearingen-El alleges that defendants falsely accused him of a crime and falsely reported this crime to the police and media causing his arrest and prosecution. These actions form the basis of both state law claims. Although Swearingen-El has alleged that there was a discriminatory motive behind these actions, these actions would be equally punishable even if they were not motivated by discrimination. Swearingen-El can establish these claims independently without any reference to the IHRA or any legal duty created by the IHRA. *See Id.* Therefore, neither of Swearingen-El's state law claims are preempted. Defendants' motion to dismiss these claims is denied.

## VI. Individual Liability

Defendants also have argued that Swearingen-El has not sufficiently alleged that defendants were personally involved in the alleged discriminatory conduct and as a result, cannot bring his § 1981 and § 1983 claims against defendants individually. In numerous places, however, the complaint alleges that all defendants participated in the discriminatory conduct. For example, the complaint reads: "[d]efendants intentionally retaliated against Plaintiff for complaining about Defendants' unlawful conduct." Defendants criticize this allegation because it does not allege facts showing actions personal to each defendant. Swearingen-El, however, has no obligation to plead these facts. *See Bennett* 153 F.3d at 518 (7th Cir. 1998) ("Complaints need not plead law or

match facts to every element of a legal theory."). Swearingen-El has alleged that each defendant was involved in each claim and that is sufficient. Accordingly, I find the remaining § 1981 and § 1983 claims may proceed against defendants in their individual capacities.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: January 12, 2006