**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KENNETH K. SWEARINGEN-EL** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 05 C 1493** |
| **vs.** ) | |
| ) | |
| **COOK COUNTY SHERIFF'S** ) | |
| **DEPARTMENT, MICHAEL F. SHEAHAN,** ) | |
| **In his individual and official capacity as** ) | **Honorable Judge Elaine Bucklo** |
| **Sheriff of Cook County, Illinois** ) | |
| **CALLIE BAIRD, in her individual capacity,** ) | |
| **KATIE HARRISON, in her individual** ) | |
| **capacity, SCOTT KURTOVICH, in his** ) | |
| **individual capacity, the COUNTY OF COOK,** ) | |
| **a unit of local Government,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, the Cook County Sheriff's Department ("Sheriff"), Michael F. Sheahan ("Sheahan"), in his official and individual capacities, Katie Harrison ("Harrison"), in her individual capacity, Callie Baird ("Baird"), in her individual capacity, Scott Kurtovich ("Kurtovich"), in his individual capacity, and the County of Cook ("County"), through their attorney RICHARD A. DEVINE by and through his assistants, John Curran and Teresa Abreu, and respectfully submit this Memorandum in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

## I. INTRODUCTION

On March 14, 2004, plaintiff filed a six-count Complaint in this matter alleging discrimination on the basis of race and gender and retaliation under Title VII (Count I); race

1

discrimination under Section 1981 (Count II); a violation of the Equal Protection Clause based on race and gender under Section 1983 (Count III); Retaliation for exercising First Amendment rights under Section 1983 (Count IV); and state counts of Malicious prosecution and Intentional Infliction of Emotional distress (Counts V and VI).  Defendants now move to dismiss all counts of the Complaint.

## II.  FACTS RELEVANT TO THIS MOTION TO DISMISS

1.     Plaintiff, Kenneth K. Swearnigen-el, ("Swearnigen") alleges he was constructively discharged from his position with the Sheriff in August of 2003. (R. 1, Complaint ¶¶ 7-8).

2.     On June 1, 2004, Swearnigen was acquitted of all criminal charges against him.  (R. 1, ¶29).

3.     Swearnigen filed a charge against the Sheriff with the Equal Employemnt Opportunity Commission ("EEOC") on or about June 22, 2004.  (R. 1, ¶5 and Complaint Exhibit A).

4.     Swearnigen received a Notice of Right to Sue Letter on or about December 17, 2004.  (R. 1, ¶6 and Complaint Exhibit A).

5.     On March 11, 2005, Plaintiff initiated a Chapter 7 bankruptcy matter (Case No. 05-08765, the "Chapter 7 Bankruptcy"), in the United States Bankruptcy Court for the Northern District of Illinois.  (Exhibit 1, Plaintiff's Bankruptcy Petition1).

6.     Under Schedule B(20) of Plaintiff's Bankruptcy Petition, he answers "none" for "other contingent and unliquidated claims of every nature…"  (Exhibit 1, Schedule B(20)).

7.     Plaintiff sought to discharge $8,437.50 in liabilities.  (Exhibit 1, Summary of Schedules).

8.     Plaintiff filed this present litigation with the United States District Court for the Northern District of Illinois on March 14, 2005.

---

1 In ruling on a motion to dismiss, a district court may take judicial notice
of matters of public record without converting the motion to dismiss into a

9.      In this present matter, Plaintiff seeks "damages in excess of $300,000 against Defendants." (R. 1, Complaint, p. 5).

10.     On June 20, 2005, Plaintiff was discharged from his debts by the United States Bankruptcy Court for the Northern District of Illinois without having amended his Schedule B to alert his creditors to his legal claim in "excess of $300,000". (Exhibit 2, Discharge of Debtor).


## ARGUMENT

### A.     PLAINTIFF LACKS STANDING TO BRING THIS LAWSUIT

A motion challenging the standing of a plaintiff to bring a matter is in reality a challenge to the court's subject matter jurisdiction and is properly brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *APCO Willamette Corp. v. P.I.T.W.U. Health and Welfare Fund,* 2005 U.S. Dist. LEXIS 6273 at *6 (N.D. Ill. March 29, 2005, Bucklo, J.).

> Those who do not possess Art. III standing may not litigate as suitors in the courts of the United States. Article III, which is every bit as important in its circumscription of the judicial power of the United States as in its granting of that power, is not merely a troublesome hurdle to be overcome if possible so as to reach the 'merits' pf a lawsuit which a party desires to have adjudicated; it is a part of the basic charter promulgated by the Framers of the Constitution at Philadelphia in 1787….

*Valley Forge Christian College v. Americans United for Seperation of church and State, Inc.,* 454 U.S. 464, 475-476.

Section 521(a)(1)(B) of the Bankruptcy Code and Fed. R. Bankr. P. 1007(b) require every Debtor to file a schedule of assets and liabilities and SOFA. Schedule B provides for a listing of personal property including B(20), which specifically seeks disclosure of "[o]ther contingent and

---

motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

unliquidated claims of every nature, including tax refunds, counterclaims of the Debtor, and rights to setoff claims." In addition, Schedule B(33) requires a listing of "[o]ther personal property of any kind not already listed." Finally, question no. 4 of the SOFA requires disclosure of "[s]uits and administrative proceedings, executions, garnishments and attachments."

Under Section 541(a)(1) of the Bankruptcy Code, all of a debtor's legal and equitable interests are transferred to the bankruptcy estate at the time the petition is filed, even conditional, future, speculative and equitable interests of the debtor. *Affiliated Computer Sys. Inc. v. Sherman (In re Kemp)*, 52 F.3d 546, 550 (5th Cir. 1995). Significantly, property of the estate includes all causes of action that the debtor could have brought at the time of the bankruptcy petition, even if no lawsuit was pending as of the date the bankruptcy was filed. *Mixon v. Anderson (In re Ozark Rest. Equip. Co.)*, 816 F.2d 1222 (8th Cir. 1987). Debtors do not get to chose what assets to disclose or when to disclose the existence of those assets; indeed, all property and interests in property must be disclosed in the schedules and SOFA. *In re Downey*, 242 B.R.5 (Bankr. D. Idaho 1999).

For purposes of disclosing potential causes of action in the schedules and SOFA, the debtor need not know all of the facts or even the legal basis for the cause of action; if the debtor has enough information to suggest that she might have a possible cause of action, it must be disclosed. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002)(granting summary judgment against debtor where he was aware of claim against employer as of bankruptcy petition date but failed to schedule it); *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999)(emphasizing that schedules and SOFA must be exhaustive as to causes of action debtor knows it possesses); *Casey v. Peco Foods, Inc.*, 297 B.R. 73, 77(S.D. Miss. 2003)(granting summary judgment and dismissing debtor's complaint where debtor knew of claim against her employer as of bankruptcy petition date but failed

to schedule it); *Rice v. Adam*, 575 N.W.2d 399 (Neb. 1998)(holding that debtor was required to schedule potential lawsuit against physician and hospital for wrongful pregnancy even though claim involved novel legal theory; at a minimum, debtor had recognizable claim for malpractice as of filing of bankruptcy).

Plaintiff's failure to list his claims against the Defendants on Schedule B and the SOFA in his Chapter 7 Bankruptcy means that such claims remained a part of his bankruptcy estate, even after the bankruptcy case was closed. *Nationwide Acceptance Corp. v. Markoff, Krasny, Goldman and Grant,* 2000 U.S. Dist. LEXIS 12496 at *8, 11 (N.D. Ill. August 23, 2000, Coar,J.). As a result, the Trustee, and not Plaintiff, is the real party in interest regarding any claim Plaintiff may have in this case. *Id.* at *11. Thus, Plaintiff lacks standing to assert his claims against the Defendants in this matter. *Id.*

## B. PLAINTIFF IS JUDICIALLY ESTOPPED FROM MAINTAINING HIS CLAIMS IN THIS LAWSUIT

In *Cannon-Stokes v. Potter*, 05-4605, 2006 U.S. App. LEXIS 16757 (7th Cir. July 5, 2006), the Seventh Circuit joined six other circuits in concluding that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Id.*, 2006 U.S. App. LEXIS 16757 at *2-3. In that case, the debtor obtained a discharge without revealing that she had a $300,000 claim against the United States Postal Service pursuant to the Rehabilitation Act, 29 U.S.C. § 791. *Id.* at 1. While she was pursuing an administrative claim for $300,000 from the Postal Service, she filed a Chapter 7 bankruptcy petition asserting that she had no assets. *Id.* After the bankruptcy court discharged all of Cannon-

5

Stokes' $98,000 in unsecured debts, she filed her Rehabilitation Act claim in federal court. *Id.* at 1-2.

The Seventh Circuit unequivocally stated that even if the bankruptcy trustee was to abandon any interest in this litigation, the debtor may not pursue the claim for her personal benefit. *Id.* at *4. "By making [litigants] choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying." *Id.* (quoting *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428 (7th Cir. 1993)). "Judicial estoppel is designed to 'prevent the perversion of the judicial process." *Id.* at *4-5 (quoting *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990)). The court upheld summary judgment in favor of the Postal Service, based upon the doctrine of judicial estoppel.

The similarity between the facts in *Cannon-Stokes* and this case are striking. Both debtors sought a bankruptcy discharge with full knowledge that they had a legal claim to pursue that was worth significantly more than the amount of debt they were seeking to discharge. In *Cannon-Stokes*, the legal claim hidden from the Chapter 7 bankruptcy schedule was not filed until after the bankruptcy was over, although the debtor, who was pursuing administrative relief on her claim at the time, obviously had knowledge that a claim existed at the time she left it off of her bankruptcy schedules. Here, Swearnignen had already received his right to sue letter from the EEOC by the time he filed his Bankruptcy Petition. Furthermore, he filed his complaint with this court three days after filing his bankruptcy petition and received discharge from his creditors two months after filing this current litigation without ever having amended his Schedule B for his bankruptcy petition to inform his creditors or the bankruptcy trustee of his legal claim in "excess of $300,000". As the *Stokes* court stated, it is impossible to believe that such a sizable claim could have been overlooked when filing a bankruptcy schedule. *Id.* at *5. Therefore, based upon the Seventh Circuit's recent

6

ruling in *Cannon-Stokes*, the doctrine of judicial estoppel prevents Swearnigen from pursing his claim against Defendants after denying that such a claim existed when he benefited from the discharge of his debts.

## CONCLUSION

For the reasons set forth herein, defendants move to dismiss plaintiff's Complaint in its entirety.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By:     "S/JOHN F. CURRAN" ARDC # 06255802
        John Curran
        Teresa Abreu
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-5397