IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH K. SWEARINGEN-EL, )
)
)
)
)
Plaintiff, )
)
v. ) No. 05 C 1493
)
COOK COUNTY SHERIFF'S )
DEPARTMENT, MICHAEL F. SHEAHAN, )
in his individual and official )
capacity as Sheriff of Cook )
County, Illinois, CALLIE BAIRD, )
in her individual capacity, )
KATIE HARRISON, in her )
individual capacity, SCOTT )
KURTOVICH, in his individual )
capacity, the COUNTY OF COOK, a )
unit of local Government, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Swearingen-El filed a six count complaint against the Cook County Sheriff's Department; Michael Sheahan, in his individual and official capacity as Sheriff of Cook County, Illinois; Callie Baird, in her individual capacity; Katie Harrison, in her individual capacity; Scott Kurtovich, in his individual capacity; and the County of Cook, a unit of local government (collectively "defendants"). The complaint seeks relief for (1) gender and race discrimination under Title VII; (2) race discrimination under 42 U.S.C. § 1981; (3) gender and race discrimination under 42 U.S.C. § 1983; (4) violation of plaintiff's First Amendment rights under § 1983; (5) malicious prosecution and

(6) intentional infliction of emotional distress under state law. Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated herein, the motion is denied.

I. Background

Plaintiff filed *pro se* for Chapter 7 bankruptcy on March 11, 2005. At that time, he did not list his claims against the defendants as part of his bankruptcy estate as required under 11 U.S.C. § 521(a)(1)(B) (2005). Three days later, plaintiff filed the underlying complaint in this action with the assistance of counsel, attaching his EEOC right to sue letter dated December 14, 2004. Defendants then moved to dismiss for lack of standing and under the doctrine of judicial estoppel, due to plaintiff's failure to list his claim as part of his bankruptcy estate. Upon receipt of defendants' motion, plaintiff consulted a bankruptcy attorney and filed a motion in U.S. Bankruptcy Court for the Northern District of Illinois to reopen and convert his bankruptcy case from Chapter 7 to Chapter 13. The bankruptcy court granted this motion on September 28, 2006. Plaintiff explains that he did not understand what "[o]ther contingent and unliquidated claims" meant at the time he filed for bankruptcy, otherwise he would have listed his claim in the present lawsuit, and that his counsel was not aware of his bankruptcy status.

II. Discussion

In assessing defendants' 12(b)(1) and (6) motions to dismiss, I must accept all well-pleaded facts in plaintiff's complaint as true. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005); *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). I must view the allegations in the light most favorable to the plaintiff. *Id.* Dismissal under Rule 12(b)(6) is proper if the plaintiff can prove no set of facts to support his claims. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

a. Standing

Defendants first argue that plaintiff does not have standing to bring suit because he originally filed for Chapter 7 bankruptcy protection. Defendants acknowledge that the bankruptcy court has reopened and converted plaintiff's bankruptcy case to Chapter 13, but insist this is of no significance because standing should be determined as of the date of filing of the complaint. In support they cite *Nationwide Acceptance Corp. v. Singleton*, No. 99 C 5632, 2000 WL 1230434, 2000 U.S. Dist. LEXIS 12496 (N.D. Ill. Aug. 23, 2000) (Coar, J.) and *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154-55 (10th Cir. 2005). *Nationwide*, which relates only to a Chapter 7 bankruptcy, dismissed a complaint when the plaintiff filed an amended schedule and statement of financial affairs with

the bankruptcy court disclosing her subsequent lawsuit, in response to the motion to dismiss. 2000 WL 1230434 at *3. *Nationwide* notes, however, that the plaintiff "has not sought to reopen her bankruptcy case." *Id.* at *3. *Nova Health*, in turn, does not concern a standing challenge as a result of a plaintiff's bankruptcy filings, but an abortion provider's standing to challenge the constitutionality of a parental notification law. *Id.* at 1152. Neither precedent is of assistance here.

This case raises two issues: first, what are the plaintiff's rights vis-a-vis his converted Chapter 13 bankruptcy, and second, whether he can proceed under the original complaint. It is well established that, unlike Chapter 7 bankruptcies, a Chapter 13 debtor in possession can bring a claim in his own name on behalf of the bankruptcy estate. *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472-74 (7th Cir. 1999) ("It would frustrate the essential purpose of the [11 U.S.C.] § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit the estate [sic]"); *Johnson v. PS Illinois Trust*, No. 03 C 6517, 2006 WL 1030192, at *1, 2006 U.S. Dist. LEXIS, at *2-3 (N.D. Ill. Apr. 19, 2006) (Kendall, J.); *Stansberry v. Uhlich Children's Home*, 264 F.Supp. 2d 681, 686-87 (N.D. Ill. 2003) (St. Eve, J.). *Cable* involved an appeal of summary judgment by a plaintiff who filed suit under Title VII after filing for Chapter 7 bankruptcy. Mr. Cable subsequently converted his bankruptcy case to Chapter 13

4

and continued to prosecute his Title VII claim for the benefit of the estate, while the Chapter 7 trustee remained nominally as the party plaintiff. *Id.* at 466-70. The Seventh Circuit found Mr. Cable, as the debtor in possession, had standing to appeal despite not being listed as the named party plaintiff. *Id.* at 472-73. Similarly, Swearingen-El can presently pursue this lawsuit as the debtor in possession under the converted Chapter 13 bankruptcy case.

Although the case law is clear that the plaintiff here presently has standing as a debtor in possession, the same cannot be said about determining whether he can proceed on his original complaint. Plaintiff's Chapter 7 status at the time of the filing of the complaint is problematic, but not for the reasons argued by defendants. At the time the complaint was filed, it was the Chapter 7 trustee, and not Swearingen-El, who had the sole authority to prosecute or defend a claim belonging to the estate, which included this lawsuit. *See* 11 U.S.C. §§ 541(a)(1), 704(1). According to defendants, this means plaintiff did not have standing under Article III to file this suit. Although this argument may be appealing at first glance, it is not correct because at issue here is not a constitutional standing limitation, but a prudential one – specifically the real party in interest doctrine.

The broader distinction among constitutional and prudential standing has been described as follows:

> The distinction between prudential and constitutional standing limitations is important. As the Supreme Court has noted, satisfaction of the prudential limitations cannot substitute for a demonstration of "distinct and palpable injury . . . that is likely to be redressed if the request relief is granted." [citing *Valley Forge Christian College v. American United for Separation of Church and State*, 454 U.S. 464, 475 (1982)]. The reverse is also true. That a complaint has satisfied Article III's case or controversy requirement does not necessarily mean that the plaintiff can overcome the prudential standing hurdles. A plaintiff may allege a distinct and palpable injury fairly traceable to the defendant's putatively illegal conduct and redressable by the request relief, but [may still lack prudential standing]. In such a case, the plaintiff has alleged an injury for purposes of Article III, but has not alleged a cause of action. Thus, the constitutional and prudential dimensions of standing must be kept separate; when the two are fused, standing law becomes confused.

*FMC Corp. v. Boesky*, 852 F.2d 981, 988 (7th Cir. 1988). Prudential standing stems not from the Constitution, but from prudent judicial administration. *Id.* In other words, although the Constitution permits federal court adjudication, a court may decide that in certain instances policy militates against judicial review, such as when the wrong party in interest files a suit. Any interests in allowing such a suit to proceed are adverse to finality and judicial economy, for a judgment against the wrong party in interest will not have its proper effect as res judicata. *See* FED. R. CIV. P. 17(a), Advisory Committee Notes (1966).

Swearingen-El did not lack constitutional standing when filing his complaint. He alleged "a distinct and palpable injury fairly traceable to the defendant[s'] putatively illegal conduct and redressable by the request relief." *FMC*, 852 F.2d at 988. Unlike

the constitutional standing inquiry, however, "the designation of the real party in interest entails identifying the person who possesses the particular right sought to be enforced." *Guynn v. Potter*, No. IP 99-1907-C T/F, 2002 WL 243626, at * 4, 2002 U.S. Dist. LEXIS 2810, at *12 (S.D. Ind. Jan. 25, 2002) (citing *Firestone v. Balbreath*, 976 F.2d 279, 283 (6th Cir. 1992)) (trustee in Chapter 7 bankruptcy is real party in interest); FED. R. CIV. P. 17(a). This prudential inquiry is mandated by Federal Rule of Civil Procedure 17(a), which also provides the appropriate relief when the wrong party in interest files a suit: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest."

At the time of the filing of the original complaint in this case it was not Swearingen-El, but the trustee of his estate, that was the real party in interest. Defendants properly raised this in their motion to dismiss. In response, plaintiff reopened the bankruptcy case and converted to Chapter 13, which converted plaintiff to the proper party in interest to pursue this lawsuit.[1]

---

[1] In addition to filing a motion to dismiss, plaintiff moved to join the previous Chapter 7 trustee as party in this suit, while the motion to reopen the bankruptcy case was pending. In light of the change in plaintiff's status to the debtor in possession and the real party in interest, his motion to join the former Chapter 7 trustee is moot.

7

This satisfies FED. R. CIV. P. 17(a), as the real party in interest is presently pursuing this suit, which dictates dismissal would be improper. Accordingly, defendants' motion to dismiss for lack of standing is denied.

### b. Judicial Estoppel

Defendants also move to dismiss on judicial estoppel grounds. The doctrine of judicial estoppel is invoked to protect the integrity of the judicial process by estopping parties from asserting contradictory positions in court to derive an unfair advantage. It is "an equitable concept providing that a party who prevails on one ground in a lawsuit may not in another lawsuit repudiate that ground." *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003) (citing *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999)). Judicial estoppel may apply if "(1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* Judicial estoppel is not appropriate where "the former position was the product of inadvertence or mistake." *In re Cassidy*, 892 F.2d 637, 642 (7th Cir. 1990) (citations omitted).

Judicial estoppel is not warranted here. Defendants cannot

show plaintiff intended to deceive the bankruptcy court. *See In re FV Steel & Wire Co.*, No. 04-22421-svk, 2006 WL 2536445, at *6, (Bankr. E.D. Wis. Sept. 1, 2006) (denying judicial estoppel claim when party reopened Chapter 7 case to include claim). Moreover, Swearingen-El properly reopened his bankruptcy case and is presently pursuing this suit for the benefit of his creditors. This more than distinguishes *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006), cited by defendants, where the court highlighted the absence of any such effort in applying judicial estoppel. *Id.* at 448 ("And if Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that it had been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery."). Accordingly, defendants' motion is denied.

III. Conclusion

For the foregoing reasons, defendants' motion is denied.

**ENTER ORDER:**

*[signature: Elaine L Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: October 16, 2006

9